UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATTI HAMMOND SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 12-cv-00538 (ESH) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CHIEF LANIER'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendant Chief of the Metropolitan Police Department Cathy Lanier (Chief Lanier) by and through undersigned counsel, hereby respectfully submits this memorandum in support of her motion to dismiss Plaintiff's First Amended Complaint.

**FACTS**

This claim is brought by Plaintiff Patti Hammond Shaw alleging that on June 26, 2012, she was held in the men's lock-up at the Sixth District and later at the Central Cellblock where she was allegedly subjected to verbal and physical abuse. The only factual allegation in the entire complaint against Chief Lanier is that she "is empowered by law to order changes to the PDID system to redress the problems identified by Plaintiff in this Complaint." See First Amended Complaint at ¶ 164.

Chief Lanier is being sued under the D.C. Human Rights Act solely in her official capacity. As set forth below, Plaintiff's First Amended Complaint should be dismissed against Chief Lanier.

## **STANDARD OF REVIEW**

"[A] complaint must present a claim upon which relief can be granted by the court." *Williams v. Moore*, 899 F. Supp. 711, 712 (D.D.C. 1995) (quoting *Henthorn v. Department of the Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994)).  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting *Twombly*, 550 U.S. at 557) (alteration marks omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556).  This facial plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (Quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## ARGUMENT

**I.     PLAINTIFF HAS FAILED TO EFFECTUATE PROPER SERVICE AGAINST CHIEF LANIER.**

Pursuant to Federal Rules of Civil Procedure 4(c)(1), the plaintiff is responsible for service of process. Federal Rule of Civil Procedure 4 states that service of process upon a State or Local Government is accomplished by "serving a copy of [the summons and complaint] in the manner prescribed by that state's law for serving a summons or like process on such a defendant." See Federal Rules of Civil Procedure Rule 4. Service upon the District of Columbia is accomplished by serving the Mayor and the Attorney General's Office with a copy of the summons and complaint. SCR-Civil 4 (j)(1).

Service of process in this matter was accomplished by leaving the summons and complaint in the Records Branch of the Metropolitan Police Department on October 18, 2012. This is not proper service under Rule 4. *See also Brodie v. Worthington,* 2010 WL 3892273 (D.D.C. Sept. 27, 2010) (NO. CIV.A. 09-1828 HHK) (*quoting Anyaibe v. Gilbert Security Service, Inc.,* 1995 WL 322452, at *7, n. 6 (D.D.C. May 18, 1995) (*citing Keller v. Embassy of the United States*, 552 F.Supp.2d 213, 219 (D.D.C. 2007) ("Service at a place of business does not satisfy the requirements of personal service."). Consequently, plaintiff cannot proceed on her claims against Chief Lanier because she has not been properly served and plaintiffs' first amended complaint against Chief Lanier therefore should be dismissed.

**II.    THE LAWSUIT AGAINST CHIEF LANIER, IN HER OFFICIAL CAPACITY SHOULD BE DISMISSED BECAUSE AN OFFICIAL CAPACITY SUIT IS A SUIT AGAINST THE DISTRICT**

In this case, plaintiff has sued Chief Lanier in her official capacity as Chief of the Metropolitan Police Department. It is well settled that a law suit "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's

3

office."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 468 U.S. 464 (1985)).  This is equally true of §1983 suits against municipal officials in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (§1983 action against government official in official capacity is simply "another way of pleading an action against an entity of which an officer is an agent.");  *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991);  *Czajkowski v. City of Chicago*, 810 F. Supp. 1428, 1431 (N.D. Ill. 1992)(court sua sponte dismissed all official capacity claims against all government official defendants since City of Chicago named as defendant in § 1983 complaint); *Orange v. Suffolk County*, 830 F. Supp. 701, 706-07 (E.D.N.Y. 1993) (dismissing § 1983 claims against Suffolk County officials in their official capacities); *Kohn v. Mucia*, 776 F. Supp. 348, 355-56 (N.D. Ill. 1991).

Plaintiff's complaint is an official capacity suit against Chief Lanier containing a single allegation that Chief Lanier "is empowered by law to order changes to the PDID system to redress the problems identified by Plaintiff in this Complaint."

### III. PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF HAS FAILED TO ALLEGE ANY LEGALLY COGNIZABLE ALLEGATIONS AGAINST CHIEF LANIER.

Plaintiff's complaint fails to state any factual allegation against Chief Lanier that is legally cognizable under the D.C. Human Rights Act and thus fails to state a claim upon which relief may be granted.  Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

One of the purposes of the District of Columbia Human Rights laws is "to secure an end in the District of Columbia to discrimination for any reason… including but not limited to, discrimination by reasons of race, color,…[or] gender identity… " D.C. Code § 2-1401.01. However, there is no discrimination claim stated against Chief Lanier in the above quoted factual allegations in paragraph 164 of the first amended complaint.   Plaintiff states without reference to authority, only that Chief Lanier "is empowered by law to order changes to the PDID system to redress the problems identified by Plaintiff in this Complaint."  The complaint does not contain any facts or allegations showing that Chief Lanier discriminated against plaintiff in anyway, or that the Plaintiff is entitled to relief under the DCHRA.

Accordingly, under Super Ct. Civ. R. 8(a)(2) & 12(b)(6) and *Iqbal*, the Court must dismiss the instant First Amended Complaint as against Chief Lanier.

## **CONCLUSION**

For the foregoing reasons, the First Amended Complaint against Chief Lanier should be dismissed with prejudice.

Dated: November 7, 2012      Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Darrell Chambers
DARRELL CHAMBERS
Chief, General Litigation Section II
DC Bar No. 980872

/s/ James A. Towns
JAMES A. TOWNS
Assistant Attorney General
D.C. Bar No.: 433435
441-4th Street, N.W., Sixth Floor South
Washington, D.C.  20001-2714
202-724-6652 (direct)
202-724-0431 (fax)
James.towns@dc.gov