UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATTI HAMMOND SHAW, )
)
        PLAINTIFF )  Case No. 1:12-cv-538 (ESH)
vs. )
)
DISTRICT OF COLUMBIA, *ET AL.*, )
)
        DEFENDANTS )
)

**PLAINTIFF'S OPPOSITION TO DEFENDANT CHIEF LANIER'S MOTION TO DISMISS**

    Defendant Chief Lanier has moved to dismiss on the grounds that she has not been properly served, that she is not a proper defendant when sued in her official capacity, and that Plaintiff has failed to make legally cognizable allegations against her. Because Plaintiff seeks only injunctive relief against Chief Lanier, the First Amended Complaint is properly pled with regard to Chief Lanier, and the manner of service was effective, the motion to dismiss must be denied.

    **I.    SERVICE OF PROCESS UPON CHIEF LANIER WAS PROPERLY EFFECTED.**

    The Federal Rules of Civil Procedure do not have a specific provision regarding service of process on a state or local government employee sued in her official capacity. Rule 4(j) of the Federal Rules of Civil Procedure applies to service on a "state, a municipal corporation, or any other state-created governmental organization." Chief Lanier, of course, is an individual and not a state, municipal corporation, or state-created

1

governmental organization, and therefore Rule 4(j) is inapplicable to her.  *See Whatley v. District of Columbia*, 188 F.R.D. 1, 2 (D.D.C. 1999)("Rule 4(j) of the Federal Rules of Civil Procedure, however, extends only to states, municipal corporations, or other government organizations. The Rule does not mention individuals, even those employed by a municipal corporation.")  Rule 4(i)(2) of the Federal Rules of Civil Procedure applies only to a "United States officer or employee sued only in an official capacity," not to a municipal employee sued only in an official capacity.

Courts that have considered the question, however, have found service of process on a state or municipal employee sued in an official capacity to be sufficient when effected pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.  *See id.* (finding Rule 4(e) applicable to municipal employees sued in both individual and official capacity); *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28-30 (1st Cir. 1988)(service of process for public employees sued in their official capacities is governed by the rule applicable to serving individuals).  Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, service may be made as to an "an individual--other than a minor, an incompetent person, or a person whose waiver has been filed," by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Under D.C. law, a "pleading subsequent to the original complaint unless the Court otherwise orders" may be served by "leaving it at the person's office with a clerk or other person in charge[.]"  Super Ct. R. Civ. Pro. Rule 5(b)(2)(A)(ii).  The U.S. Marshals Service served Chief Lanier by delivering the First Amended Complaint to the file clerk at MPD's public records office.  This was sufficient to effect service on her.

Even if the Court concludes that Super Ct. R. Civ. Pro. Rule 5(b)(2)(A)(ii) is not applicable, service was also proper pursuant to Super Ct. R. Civ. Pro. Rule 4(j), which provides, "Service upon the District of Columbia, an officer or agency thereof, or upon other government entities subject to suit" is effected "by delivering . . . or mailing . . . a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee)."[1] Service upon the District of Columbia thus effectively served Chief Lanier as well because she is sued in her official capacity. Under the unique circumstances of this case, where 1) service on Chief Lanier involves delivering the First Amended Complaint to the exact same individuals who were already served with the original Complaint; 2) Chief Lanier is being represented by the same attorney as the District of Columbia; 3) service was effected in accordance with Super Ct. R. Civ. Pro. Rule 5(b)(2)(A)(ii); 4) Chief Lanier received actual notice of the lawsuit, as evidenced by her motion to dismiss; 5) Plaintiff is proceeding *in forma pauperis* and must rely on the U.S. Marshals Service to properly effect service; and 6) Chief Lanier has not asserted any prejudice, the Court should not dismiss Chief Lanier on the basis of improper service of process. In the alternative, the Court should extend the time for Plaintiff to serve Chief Lanier and direct the U.S. Marshals Service to effect service forthwith.

---

[1] Superior Court Rules of Civil Procedure Rule 4(j) goes on to provide, "In any action attacking the validity of an order of an officer or agency of the District of Columbia not made a party, a copy of the summons, complaint and initial order also shall be delivered or mailed to such officer or agency." This provision is inapplicable to the present case, however, because Plaintiff is not challenging an "order" of Chief Lanier and because Chief Lanier has been made a party.

## II.  IN A SUIT SEEKING INJUNCTIVE RELIEF, IT IS PROPER TO NAME A MUNICIPAL EMPLOYEE IN HER OFFICIAL CAPACITY.

Chief Lanier argues that she should be dismissed because naming her as a defendant is duplicative of naming the District of Columbia as a defendant. It is not. Plaintiff sues Chief Lanier in her official capacity solely for injunctive relief, not for damages. Chief Lanier quotes one portion of the Supreme Court's decision in *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), which held that a claim "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." However, Chief Lanier fails to mention that the *Will* court went on to hold, "official-capacity actions *for prospective relief* are not treated as actions against the State." *Id.* at 71, n.10 (emphasis added)(quoting *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14 (1985)).

This Court recently applied *Will* to an official-capacity claim for injunctive relief against District employees. In *Steinberg v. Gray*, 815 F. Supp. 2d 293, 295 & n.1 (D.D.C. 2011), the plaintiff sought both damages and injunctive relief and named as defendants the District of Columbia; the mayor, in his official capacity; the chief of Fire and EMS, in his official capacity; and the Fire and EMS fiscal officer, in her official capacity. The Court dismissed the official-capacity claim for damages, but held, "As to Steinberg's official-capacity claims for *injunctive relief*, these claims are *not* the equivalent of claims against the District. Consequently, they are not redundant. The Court will therefore not dismiss Steinberg's claims for injunctive relief against Gray, Ellerbe, or Robinson-Smith" (internal citation omitted and emphasis added). *See also State Farm Bank, F.S.B. v. District of Columbia*, 640 F. Supp. 2d 17, 25 (D.D.C. 2009)(enjoining

4

District of Columbia as well as two named defendants sued in their official capacity from enforcing mortgage law and regulations).

Although Plaintiff seeks to require Chief Lanier to bring the PDID into compliance with District, rather than federal law, naming her as a defendant in a suit in federal court is an appropriate vehicle given this Court's undisputed pendent jurisdiction over the case. In *LaShawn A. by Moore v. Kelly*, 990 F.2d 1319, 1320 (D.C. Cir. 1993), the D.C. Circuit reviewed a "remedial order" issued by this Court in a case brought by a class of children alleging that the District's child-welfare system violated District and federal law. The plaintiffs sought injunctive relief against various District officials, including the mayor. *Id.* The D.C. Circuit held that the federal courts in this jurisdiction have the authority to order District officials to comply with District law. *Id.* at 1325-26 (holding that federal court "need not enter the § 1983 thicket" and can base injunctive relief "entirely on pendent state grounds").

### III.     PLAINTIFF HAS STATED A CLAIM AGAINST CHIEF LANIER.

Finally, Chief Lanier contends that she should be dismissed from the case because "the complaint fails to state any factual allegation against Chief Lanier that is legally cognizable under the D.C. Human Rights Act" because "the complaint does not contain any facts or allegations showing that Chief Lanier discriminated against Plaintiff in anyway [sic], or that the Plaintiff is entitled to relief under the DCHRA."  (Chief Lanier's Mot. to Dismiss at 4-5 [ECF dkt: 37-1]).

Plaintiff, however, does not need to show that Chief Lanier personally discriminated against her any more than a plaintiff seeking to enjoin enforcement of an unconstitutional

5

law needs to show that the Attorney General was personally involved in violating her rights.  *Poe v. Snyder*, 834 F. Supp. 2d 721, 731 (W.D. Mich. 2011) ("The Attorney General is responsible for enforcement of Michigan's laws and is also a proper defendant.")  Even the minimal showing that an official have "some connection" to an allegedly unconstitutional policy, *Ex Parte Young*, 209 U.S. 123, 159-60 (1908), is not applicable here because Eleventh Amendment immunity does not apply to the District of Columbia.  *See CSX Transp. v. Williams*, 406 F.3d 667, 674 n.7 (D.C. Cir. 2005).

   Plaintiff seeks to enjoin Chief Lanier from continuing to allow the PDID system to be operated in a discriminatory manner, in violation of the D.C. Human Rights Act.  Chief Lanier is the chief of the Metropolitan Police Department (FAC, ¶ 3).  Plaintiff has alleged, and Chief Lanier has not denied, that she has the authority to redress the allegedly illegal administration of the PDID system (FAC, ¶ 163).  Thus, she is the proper defendant to implement any injunction issued by this Court, even if she cannot be held personally liable in damages.  *See Jensen v. Gunter*, 807 F. Supp. 1463, 1485 (D. Neb. 1992)("In light of the fact that defendants Hopkins and Clarke are charged with instituting policies, they are the proper defendants to be ordered to implement the court's order.")

   Further, the D.C. Human Rights Act section applicable to the District government is directed not at acts by individuals, but at "unlawful discriminatory practice[s]" by "District government agenc[ies] or office[s]" which "limit or refuse to provide any facility, service, program, or benefit to any individual on the basis of an individual's actual or perceived . . . gender identity," D.C. Code § 2-1402.73, and confers on the court the authority to "grant any relief it deems appropriate," D.C. Code § 2-1403.16(b).  The

6

D.C. Human Rights Act is a "powerful, flexible, and far-reaching prohibition against discrimination of many kinds" and is to be broadly construed "to make a remedy available from those forms of discrimination which the statute does reach." *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 732 (D.C. 2000). Thus, because Chief Lanier's "agency or office" is engaged in an "unlawful discriminatory practice" through the administration of the PDID system, she should remain in this case in order to ensure Plaintiff has an adequate remedy available to redress this practice.

        Respectfully Submitted,

        __/s/ Jeffrey Light_____

        Jeffrey L. Light
        D.C. Bar #485360
        1712 Eye St., NW
        Suite 915
        Washington, DC 20006
        (202)277-6213
        Jeffrey.Light@yahoo.com

        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that this 16th day of November 2012, I served the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT CHIEF LANIER'S MOTION TO DISMISS** via CM/ECF system as follows:

James Anthony Towns,
*Counsel for District Defendants*,
James.Towns@dc.gov, Darrell.Chambers@dc.gov

Michelle Lo,
*Counsel for Federal Defendants*
Michalle.Lo2@usdoj.gov, MichelleMLo@gmail.com

/s/ Jeffrey Light

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*