UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATTI HAMMOND SHAW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 12-cv-00538 (ESH) ) |
| DISTRICT OF COLUMBIA et al., | ) ) |
| Defendants. | ) ) |

## CHIEF LANIER'S REPLY TO PLAINTIFF'S OPPOSITION TO HER MOTION TO DISMISS

Defendant Cathy Lanier (Chief Lanier), Chief of the Metropolitan Police Department by and through undersigned counsel, respectfully submits this reply to Plaintiff's opposition to her Motion to Dismiss the First Amended Complaint.

Chief Lanier argued in her motion that (1) plaintiff failed to effectuate service of process, (2) the lawsuit against her, in her official capacity should be dismissed because an official capacity suit is tantamount to a suit against the District and (3) plaintiff has failed to establish a cognizable claim against Chief Lanier.

Plaintiff argues in his opposition that (1) service of process was effected upon Chief Lanier, (2) in a suit seeking injunctive relief, it is proper to name a municipal employee in her official capacity and (3) plaintiff has stated a claim against Chief Lanier.

For the reasons more fully outlined in her motion, and clarified herein, Chief Lanier's motion to dismiss the first amended complaint against her should be granted.

**ARGUMENT**

I. **Service of Process upon the Chief of Police was plainly defective.**

Plaintiff argues that Chief Lanier was properly served because the "U.S. Marshals Service delivered the First Amended Complaint to the file clerk at MPD's public records office." See Plaintiff's Opposition at page 2. In addition, plaintiff argues that Chief Lanier was properly served because Defendant District of Columbia was previously served with the First Amended Complaint and the same lawyer that represents the District of Columbia also represents Chief Lanier.

Both of these arguments are without merit. Under no circumstances would leaving a copy of the summons and complaint at the records division of the Metropolitan Police Department satisfy Rule 4 of the Federal Rules of Civil Procedure. In addition, the fact that Defendant District of Columbia was served with the First Amended Complaint is irrelevant to whether service was properly made upon Chief Lanier. Defendant District of Columbia was a party to the litigation prior to the filing of the First Amended Complaint which names Chief Lanier as a new Defendant and adds new allegations. Plaintiff's claim that Super. Ct. Civ. R. 5 controls is without merit. Rule 5 is not applicable because Chief Lanier is a new party and must be properly served with a copy of the Summons and Complaint. Super Ct. Civ R. 4.

II. **This suit against Chief Lanier is redundant as it is tantamount to a suit against the District Government, already a party to this case.**

Plaintiff argues that Chief Lanier's motion to dismiss should be denied because a suit against Chief Lanier in her official capacity for injunctive relief is not duplicative of Plaintiff's claim against the District of Columbia. However, it is clear that suit against a municipal official in her official capacity is tantamount to suit against the municipality

2

itself. *See Waker v. Brown*, 754 F. Supp 2d. 62, 65 (D.D.C. 2010) (substituting the District of Columbia in place of mayor, police chief, and Department of Corrections). Plaintiff concedes that her claims for relief other than injunctive relief are improper against Chief Lanier. Therefore Chief Lanier requests that any relief sought against her other than injunctive relief should be dismissed. In addition, Chief Lanier asserts that the claim for injunctive relief against her in her official capacity pursuant to the D.C. Human Rights Act is redundant and should also be dismissed. The cases cited by Plaintiff to support her claim that government officials may be sued in their official capacity in cases where injunctive relief is sought are inapplicable. The cases cited by Plaintiff relate to claims made pursuant to 42 U.S.C. § 1983. However, the claims against Chief Lanier are made pursuant to the D.C. Human Rights Act., which specifically states that a "person means any individual… government agency… or any agent or representative of any of the foregoing." D.C. Code § 2-1401.02(21). Therefore since a government agency can be sued, and has in this case, a claim also made against a representative of that government is redundant.

### III. **Plaintiff has failed to adequately plead a claim for violation of the DCHRA against Chief Lanier.**

Plaintiff also contends that she has asserted enough facts to support her request for injunctive relief against Chief Lanier. Specifically, Plaintiff contends that since Chief Lanier has the authority to make any changes to the PDID system ordered by this Court, she is the appropriate party. However, as indicated above, if the Plaintiff is entitled to the relief sought, the same can be accomplished through the District, which is already a party to this case. If an order is issued to make changes to the PDID system, those changes can be made by the District. Therefore, retaining Chief Lanier as a defendant in her official

capacity and the District of Columbia as a defendant is redundant. Accordingly, Chief Lanier should be dismissed.

## **CONCLUSION**

For the reasons stated above and in Chief Lanier's motion, Chief Lanier requests that this Honorable Court grant its motion to dismiss.

DATED: November 26, 2012      Respectfully submitted,

        IRVIN B. NATHAN
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/ Darrell Chambers
        DARRELL CHAMBERS
        Chief, General Litigation Section II
        DC Bar No. 980872

        /s/ James Anthony Towns
        JAMES ANTHONY TOWNS
        Assistant Attorney General
        D.C. Bar No.: 433435
        441-4th Street, N.W., Sixth Floor South
        Washington, D.C.  20001-2714
        202-724-6652 (direct)
        202-724-0431 (fax)
        James.towns@dc.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing reply was sent electronically,

on the 26th day of November 2012 to:


Jeffrey L. Light, Esquire
1712 Eye Street, N.W.
Suite 915
Washington, D.C.  20006

                        /s/ James Anthony Towns
                        JAMES ANTHONY TOWNS